**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3325
_____

BRENDA LEE BRAUN,
                                        Appellant

v.

BETTY GONZALES; EUCLIDES NUNEZ, SR.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:13-cv-03183)
District Judge:  Honorable James Knoll Gardner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 30, 2014
Before:  AMBRO, SHWARTZ and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: January 30, 2014)
_____

OPINION
_____

PER CURIAM

        In May 2013, Brenda Lee Braun sought to file a complaint in forma pauperis in

the United States District Court for the Eastern District of Pennsylvania,[1] alleging that

_____

[1] She previously filed, on March 2, 2011, an action based on the same facts in the United
States District Court for the District of Delaware (Civ. No. 11-cv-00186), but that case
was dismissed in December 2012 on Braun's motion to voluntarily dismiss.  In March

she injured herself when she slipped and fell in the shower in her apartment in Reading, Pennsylvania, on March 7, 2009, at 9:00 in the evening. She maintained that defendant Gonzales, apparently the property manager, knew she was disabled and had told her before she moved into the apartment that she would put a slip guard and hand rail in the tub. She also stated that defendant Nunez, seemingly the owner of the building, came to the apartment to check code problems, so he cannot say that he never met her. Braun claimed that the defendants, by their action or inaction, violated housing codes and safety codes for disabled persons. Seeking $400,000 from each defendant, she also described her cause of action as a federal cause of action and a slip-and-fall.

The District Court granted Braun's application to proceed in forma pauperis and dismissed her complaint. The District Court concluded that Braun had failed to state a federal claim and otherwise did not present a claim over which the District Court had subject-matter jurisdiction. The District Court noted that no claim could be brought in diversity because Braun and one of the defendants both lived in Pennsylvania. The District Court also denied leave to amend, concluding that amendment would be futile because diversity jurisdiction was lacking, Braun raised state law claims, and the statute of limitations for any slip-and-fall claim under state law had already run.

Braun appeals. She claims that her complaint was transferred to the Pennsylvania District Court from the Delaware District Court and that she is still waiting for her trial date. She argues that the Pennsylvania District Court should have allowed her to submit

2013, she moved to reopen that case, but the District Court denied the motion in an order from which Braun did not appeal.

her paperwork as evidence and that the Delaware District Court should have sent over all her paperwork. She contends that "her rights were not heard." She appeals the order dismissing her complaint, an order identifying a letter she submitted as her notice of appeal, an order entered by our Clerk closing her case for failure to prosecute,[2] and a District Court order denying her motion to transfer her case to the Court of Common Pleas for Berks County while this appeal was pending. She asks that her District Court action be reopened, a trial date be set, and $800,000 in damages be awarded for her pain and suffering and slip-and-fall.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the order dismissing the complaint is plenary. See Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 347 (3d Cir. 2012); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). We cannot review, however, any order that the District Court entered after Braun filed her notice of appeal. Cf. Fed. R. App. P. 4(a)(4)(B)(ii). We also do not consider Braun's appeal to the extent that she objects to the District Court treating her notice of appeal as her notice of appeal.[3] See Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 333 (1980) ("A party who receives all

---

[2] As is apparent, her case has since been reopened.

[3] To the extent that she seeks reconsideration of a Clerk order, we note that although we reopened this case on her motion, there was nothing improper in the dismissal for her failure to prosecute as she initially did not file a brief and appendix as directed.

3

that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.")

Upon review, we conclude that the District Court properly dismissed Braun's complaint. It is unclear whether Braun was seeking to invoke the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and/or the Rehabilitation Act ("RA"). Assuming without deciding that these federal statutes could apply to her case, if she was seeking relief under them, any claim was clearly time-barred from the face of the complaint.

If a plaintiff's allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim. See Jones v. Bock, 549 U.S. 199, 215 (2007); see also, e.g., Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). The running of the statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c). However, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459-60 (3d Cir. 2013) (ruling that a dismissal for failure to state a claim based on an affirmative defense that is clear on the face of a complaint can constitute a strike under 28 U.S.C. § 1915(g)).

The FHA explicitly sets forth a two-year statute of limitations. See 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action . . . not later than 2 years after the occurrence . . . of an alleged discriminatory housing practice . . . .").

4

Neither the ADA nor the RA includes an express limitations period, but, as we have explained previously, the applicable statute of limitations "is the statute of limitations for personal injury actions in the state in which the trial court sits." Disabled in Action v. SEPTA, 539 F.3d 199, 208 (3d Cir. 2008). Accordingly, for Braun's case, the two-year limitations period of 42 Pa. Cons. Stat. § 5524 applies. See id. However, in her complaint, she sought relief for something that occurred in March 2009, more than two years before she submitted her complaint in May 2013.[4]

To the extent that Braun presented a slip-and-fall claim or other claims grounded in state law, the District Court did not have an independent basis for subject-matter jurisdiction over them. Although a district court can consider some state law claims in diversity, complete diversity is required under 28 U.S.C. § 1332. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999). Braun and one of the defendants are both from Pennsylvania, so complete diversity is lacking. [Furthermore, to the extent that Braun sought to plead a federal cause of action, it was not actionable.] Accordingly, the District Court could decline to exercise supplemental jurisdiction over any state law claims. See 28 U.S.C. § 1367(c); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

---

[4] That Braun previously filed a similar complaint in the Delaware District Court does not change the calculation of the limitations period in this action. After filing her case in Delaware, she decided not to pursue it. Although she later sought reopening, her motion to reopen was denied in an order from which she did not timely appeal. Braun's arguments that her District Court case is a continuation of her earlier case or that her "paperwork" from that case (much of which was attached as exhibits to her complaint) should have been forwarded to, or obtained by, the District Court are without merit.

5

For these reasons, the District Court properly dismissed Braun's complaint.  <u>See</u> <u>also</u> <u>Erie Telecomms., Inc. v. City of Erie</u>, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record).  Also, the District Court did not abuse its discretion in denying leave to amend on the basis of futility.  We will affirm the District Court's judgment.